IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>                 Plaintiff,              )<br>                                                            )<br>     vs.                                              )<br>                                                            )<br> DEJAY MONSON,                        )<br>                                                            )<br>                 Defendant.          ) | Case No. 8:08CR-388<br><br>ORDER |

This matter is before the court on the defendant's request for a *Franks* hearing set forth in his Amended Motion to Suppress (#64). Hearing was held on the request on September 23, 2009 and the court took the matter under advisement. I now find the motion should be granted.

## LEGAL ANALYSIS

To obtain a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant must make a "substantial preliminary showing" that: 1) the affidavit contains false information deliberately or in reckless disregard for the truth; and (2) the information is necessary for a finding of probable cause. *Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 647 n.3 (8th Cir. 2001), *cert. denied*, 534 U.S. 1084 (2002). This "substantial preliminary showing" is "not lightly met," and mere allegations of negligence or innocent mistake are insufficient. *United States v. Hively*, 61 F.3d 1358, 1360 (8th Cir. 1995); *United States v. Najarian*, 915 F. Supp. 1441, 1455-56 (D. Minn. 1995).

A facially valid warrant affidavit is constitutionally infirm if the defendant establishes that the affidavit includes deliberate or reckless falsehoods that, when redacted, render the affidavit's factual allegations insufficient to support a finding of probable cause. *Franks v.*

*Delaware*, 438 U.S. at 155-56.  Omissions likewise can vitiate a warrant if the defendant proves "first that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and, second, that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002).

Upon consideration of the defendant's allegations that the CI was not "unwitting" but paid; that the meeting in the Lyons bar on September 12, 2008 did not occur; and the contents of the three telephone calls recorded on September 16, 2008, compared to their depiction in the search warrant affidavit, I find that the defendant has made a substantial preliminary showing that (1) the affidavit may contain false information deliberately or in reckless disregard for the truth; and (2) the information may be necessary for a finding of probable cause.  Dejay Monson is entitled to a *Franks* hearing, which will be scheduled by a separate order.

**IT IS ORDERED:**

1.  Defendant's request for a *Franks* hearing contained in his Amended Motion to Suppress (#64), is granted; and

2.  A *Franks* hearing will be scheduled by separate order.

**DATED October 1, 2009.**

            BY THE COURT:

            s/ F.A. Gossett
            **United States Magistrate Judge**