IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR388** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DEJAY MONSON,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 98) issued by Magistrate Judge F.A. Gossett recommending that the amended motion to suppress (Filing No. 64) filed by the Defendant, Dejay Monson, be granted as to the *Franks* issues.[1] Monson filed a "notice" regarding Judge Gossett's ruling that defense counsel intends as an objection (Filing No. 106) under 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Monson is charged in a multi-count Indictment with drug manufacturing, drug possession, and gun crimes. He seeks the suppression of evidence obtained as a result of the September 16, 2008, search of his "residence, out buildings, and homestead," statements made during the search, and any fruits of the search or statements. Monson raised issues under *Franks v. Delaware,* 438 U.S. 154 (1978), as well as general issues relating to the search warrant and statements made to law enforcement officers. Judge Gossett found that Monson was entitled to a *Franks* hearing with respect to three of the allegedly false pieces of information included in the search warrant affidavit, specifically: 1) whether the CI was "unwitting" as stated in the first paragraph of the grounds supporting

---

[1]Also pending is the Defendant's original motion to suppress (Filing No. 34).

the application, or was paid; 2) whether the meeting in the Lyons bar on September 12, 2008, referred to in the first full paragraph on page 2 of the affidavit, happened; and 3) whether the three recorded telephone calls made on September 16, 2008, were as described in the last paragraph of the affidavit at 5:15 p.m., or between 5:30 p.m. and midnight, and whether a final conversation took place during which a trade of cash and marijuana for a gun allegedly was arranged.

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and written Findings and Recommendation. (Filing Nos. 98, 104.) Judge Gossett found: 1) the contract status of the CI had changed on September 16, 2008, before the issuing judge signed the warrant and that change was not communicated to the judge; 2) the meeting at the Lyons bar probably occurred months before the alleged date of September 12, 2008; and 3) the events in the last paragraph of the affidavit, referring to the alleged three telephone calls, never occurred. Judge Gossett also found that the inclusion of these items in the affidavit was, "at the very minimum," a reckless disregard for the truth and specifically that the inclusion of these matters was not intentional. Judge Gossett concluded that once these matters are stricken from the affidavit, as required under *Franks,* the affidavit lacks probable cause to support issuance of the search warrant. He therefore recommends that the motion to suppress be granted "as to the *Franks* issues." (Filing No. 98.)

Monson filed a "notice," intended as an objection, the Judge Gossett's findings and recommendation, stating:

> Without wishing to appear like a sore winner . . . Defendant respectfully does not wish to risk waiving any of his claims rejected by the Magistrate Judge, including consideration of any other material facts which

2

> Defendant in his Franks affidavit or in his offer of proof alleged should have been considered by the Court. Defendant accordingly preserves his objection to the Magistrate Judge's ruling concerning these matters.

(Filing No. 106.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The events surrounding the issuance of the search warrant are apparent through a reading of the transcripts of the hearings and the parties' submissions. Judge Gossett did not include delineated findings of fact, although he found specific facts relating directly to his conclusions in determining that specific matters were not as claimed in the search warrant affidavit. Neither party has objected to the stated facts or the absence of delineated findings of fact. The Court has considered the transcripts and carefully viewed the evidence. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings.

## ANALYSIS

The local rule regarding the process of objecting to findings and recommendations states that the objecting party must "specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections."

NECrimR 59.2(a). The rule also provides that the failure to state a legal argument supporting the objections "may be considered an abandonment of the party's objections." *Id.*

In this case, Monson prevailed on his motion to suppress. His objections fail to articulate the basis for his objections and do not include a legal argument. His argument that Judge Gossett improperly narrowed the focus of the *Franks* hearing to three specific matters can only be gleaned by reading the transcripts of the hearing. No legal support has been presented for Monson's position. For these reasons, the Court concludes that Monson abandoned his objections. *Id.*

Nevertheless, the Court has carefully reviewed the record de novo and concludes that Judge Gossett's findings and recommendation should be adopted. Monson prevailed, and his remaining issues presented in the *Franks* request and motion to suppress need not be decided, with one exception. The Court concludes that any evidence obtained as fruit of the "poisonous tree" must be suppressed. The suppression of fruits of the illegally obtained evidence likely renders Monson's remaining arguments moot. Therefore, the Court concludes that the motion should be granted without a specific limitation to the *Franks* issues.

## CONCLUSION

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 98) is adopted;

2. Any evidence obtained as fruit of the illegal search is suppressed;

3. The Defendant's objections to the Findings and Recommendation (Filing No. 106) are deemed abandoned;

4. The Defendant's amended motion to suppress (Filing No. 64) is granted; and

5. The Defendant's motion to suppress (Filing No. 34) is denied as moot.

DATED this 18th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge