IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR388 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DEJAY MONSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for attorney fees (Filing No. 111). The Court has considered the Defendant's evidence and the parties' briefs.

## FACTUAL BACKGROUND

The Defendant, Dejay Monson, was charged in a multi-count Indictment with: manufacturing and attempting to manufacture marijuana (Count I); possession with intent to distribute marijuana (Count II); being a user of a controlled substance in possession of firearms (Count III); and forfeiture (Count IV).

In a motion to suppress, Monson raised issues under *Franks v. Delaware,* 438 U.S. 154 (1978). Judge Gossett found that Monson was entitled to a *Franks* hearing with respect to three allegedly false pieces of information included in the search warrant affidavit, specifically: 1) whether the CI was "unwitting" as stated in the first paragraph of the grounds supporting the application, or was paid; 2) whether the meeting in the Lyons bar on September 12, 2008, referred to in the first full paragraph on page 2 of the affidavit, happened; and 3) whether the three recorded telephone calls made on September 16, 2008, were as described in the last paragraph of the affidavit at 5:15 p.m., or between 5:30 p.m. and midnight, and whether a final conversation took place during which a trade of cash and marijuana for a gun allegedly was arranged. Judge Gossett found: 1) the

contract status of the CI had changed on September 16, 2008, before the issuing judge signed the warrant and that change was not communicated to the judge and was at "the very minimum . . . a reckless disregard"; 2) the meeting at the Lyons bar probably occurred months before the alleged date of September 12, 2008, and the inclusion of that date was "also reckless disregard"; and 3) the events in the last paragraph of the affidavit, referring to the alleged three telephone calls, never occurred and their inclusion was at the "very minimum a reckless disregard for the truth." (Filing No. 104, at 159.)  Judge Gossett then stated:

> [T]here is at the very minimum a reckless disregard in this matter, and it's more than a mere negligence in this case.
> . . . .
>
> I'll specifically note for the record that I am not finding on this record that the information was not included or – *I find it recklessly included, but I'm not finding that that was done intentionally, with a disregard for the truth*.
>
> It may well have been just the circumstances of the moment in the investigation.

(Filing No. 104, at 160, 161 (emphasis added).)

Judge Gossett concluded that once these matters were stricken from the affidavit, as required under *Franks,* the affidavit lacked probable cause to support issuance of the search warrant.  He therefore recommended that the motion to suppress be granted with respect to the *Franks* issues.  This Court adopted Judge Gossett's Findings and Recommendation and granted the Defendant's motion to suppress.  The government did not object to the recommendation.  The Court then granted the government's motion to dismiss.

Defense counsel now moves under the Hyde Amendment for attorney fees in the amount of $40,787.50 and expenses in the amount of $5,683.19.

## DISCUSSION

The Hyde Amendment provides:

> [T]he court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided . . . under section 2412 of title 28, United States Code.

18 U.S.C. § 3006A note.

In the context of the Hyde Amendment, "vexatious" means acting "without 'reasonable or probable cause or excuse.'" *United States v. Porchay,* 533 F.3d 704, 711 (8th Cir. 2008) (quoting *United States v. Gilbert,* 198 F.3d 1293, 1299 (11th Cir. 1999)). "Frivolous" refers to a government position "'utterly without foundation in law or fact.'" *Id.* (quoting *United States v. Bowman,* 380 F.3d 387, 390 (8th Cir. 2004)). "Bad faith" connotes more than bad judgment or negligence, and refers to conscious dishonesty. *Gilbert,* 198 F.3d at 1299. In summary:

> From the plain meaning of the language Congress used, it is obvious that a lot more is required under the Hyde Amendment than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution. A defendant must show that the government's position underlying the prosecution amounts to prosecutorial misconduct-a prosecution brought vexatiously, in bad faith, or so utterly without foundation in law or fact as to be frivolous.

*Id.*

The language of the statute and its legislative history present a "daunting obstacle" for defendants seeking recovery under the amendment. *Id.* at 1302. The Amendment addresses prosecutorial misconduct rather than prosecutorial mistake. *Id.* at 1304.

Turning to the instant case, Monson argues that the government's position was vexatious, frivolous, or in bad faith because the investigating officer "filed an affidavit to obtain a search warrant which contained material falsehoods and misrepresentations made in reckless disregard for the truth." (Filing No. 112, at 3.) Monson argues that the Indictment was brought only from evidence obtained during the search, and the evidence was subsequently suppressed. Monson cites to Judge Gossett's conclusion that the inclusion of three items in the search warrant affidavit was "at the very minimum a reckless disregard . . . and . . . more than a mere negligence" in support of his argument that the government's position was that the government's position was vexatious, frivolous, or in bad faith. In short, Monson argues that because the suppression of evidence led to the dismissal of the case and, given Judge Gossett's statements, an attorney fee award under the Hyde Amendment is a logical conclusion.

First, Monson takes Judge Gossett's initial comment that the inclusion of the items in question in the search warrant affidavit was "at the very minimum a reckless disregard in this matter, and . . . more than a mere negligence " out of context. Monson disregarded Judge Gossett's following comment that he found the items were recklessly included, but not "intentionally, with a disregard for the truth." Therefore, Judge Gossett's conclusions, adopted by this Court, do not provide a basis for a fee award under the strict standard of the Hyde Amendment.

Also, "[f]or Hyde Amendment purposes . . . the court must assess the basis for pursuing charges from the perspective of the government *at the time*. . . . The government was entitled, *ab initio,* to rely on the evidence subsequently suppressed in making its prosecutorial decision, provided it could articulate, in good faith, a reasonable position on the suppression issue." *United States v. Knott,* 256 F.3d 20, 35 (1st Cir. 2001). "An interpretation of the Hyde Amendment which effectively requires the government precisely to anticipate later evidentiary rulings, where reasonable grounds for disagreement exist, is untenable in light of the language and purposes of the Hyde Amendment." *Id.* at 35-36. Applying this principle to Monson's case, when the Complaint and Indictment were filed, probable cause existed for the government's prosecution.[1] The prosecution was not malicious or dishonest or, in the words of the statute, "vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A note. The government articulated a reasonable position with respect to the suppression issue. Although the government's actions were, in Judge Gossett's words, "at the very minimum a reckless disregard" and more than negligent, they were not a reckless disregard "for the truth." Therefore, the government's conduct falls far short of the high standard required for an attorney fee award under the Hyde Amendment.

IT IS ORDERED that the Defendant's motion for attorney fees (Filing No. 111) is denied.

DATED this 12th day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] A preliminary hearing was held on the Complaint, and Judge Thalken found that probable cause existed. (Filing No. 11.)

5